**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
*Electronically Filed*

| | |
|---|---|
| ANIMAL RIDDERS OF LOUISVILLE, INC. )<br>aka ANIMAL RIDDERS, INC.              )<br>                                                              )<br>                                         **Plaintiff** )<br>                                                              )<br>vs.                                                       )<br>                                                              )<br>BEAU GAST                                          )<br>           **Serve**: Beau Gast                    )<br>           6006 Crockett Dr.                     )<br>           Louisville, KY  40258                )<br>                                                              )<br>-and-                                                    )<br>                                                              )<br>ANIMAL RIDDERS, LLC                      )<br>           **Serve**: Beau Gast, Registered Agent )<br>           9850 Von Allmen Court, #201 )<br>           Louisville, KY  40241                )<br>                                                              )<br>                                       **Defendants** ) | Civil Action No.:  3:25-cv-342-RGJ<br>Judge _____ |

**VERIFIED COMPLAINT**

Plaintiff Animal Ridders of Louisville, Inc. aka Animal Ridders, Inc., by and through counsel, for its verified complaint against Defendants Beau Gast ("Mr. Gast") and Animal Ridders, LLC (the "Infringing Company") (each individually a Defendant and collectively "Defendants") allege as follows:

**NATURE OF THE CLAIM**

1.      This is an action by Plaintiff against Defendants for the infringement of Plaintiff's trademark and tradename in violation of the Lanham Act Section 43(a), 15 U.S.C. §1125(a) and the state and common law of Kentucky, as well as for unfair competition, and tortious interference with contractual and prospective relations.

2.      As a result of Defendants' actions, Plaintiff has suffered damages which it will continue to suffer unless Defendants are enjoined.

3. Upon information and belief, Defendants' actions in violation of Plaintiff's rights were knowing and willful.

## PARTIES, JURISDICTION AND VENUE

4. Margaret "Margi"e Darling ("Ms. Darling") is an individual resident of Kentucky whose address is 2111 Ben Ali Road, Louisville, Ky 40223. Ms. Darling is the organizer and sole member of Plaintiff Animal Ridders, Inc. k/n/a Animal Ridders of Louisville, Inc.

5. Ms. Darling filed Articles of Incorporation in Kentucky for the entity Animal Ridders, Inc. on March 4, 1991.

6. Animal Ridders, Inc. is now of record with the Kentucky Secretary of State ("SOS") as Animal Riders *of Louisville*, Inc. (emphasis added)

7. Plaintiff Animal Ridders of Louisville, Inc. is a Kentucky corporation with a principal place of business located at 2111 Ben Ali Road, Louisville, KY 40223.

8. Defendant Mr. Gast is an individual resident of Kentucky, who, upon information and belief, resides at 6006 Crockett Dr., Louisville, KY 40258.

9. Defendant Animal Ridders, LLC is a Kentucky limited liability company with a principal place of business located at 9850 Von Allmen Court #201, Louisville, KY 40241.

10. Defendant Mr. Gast organized Defendant Animal Ridders, LLC on November 26, 2024.

11. Defendant Mr. Gast is the Registered Agent for Defendant Animal Ridders, LLC.

12. Upon information and belief, Mr. Gast is the sole member of Defendant Animal Ridders, LLC.

13. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under the Lanham Act Section 43(a), 15 U.S.C. §125(a).

14. This Court has supplemental jurisdiction arising over the pendent state law claims asserted herein pursuant to 28 U.S.C. § 1367 because such claims are so related to Plaintiff's

federal claims and other wrongful acts that they form part of the same case or controversy under Article III of the United States Constitution.

15. Venue in the Western District of Kentucky is proper pursuant to 28 U.S.C. § 1391 because the claims alleged herein arose in this district, Defendant, Animal Ridders, LLC has its principal place of business located in this district, and Defendant Mr. Gast resides in this district.

16. Defendants are located in this district and are subject to personal jurisdiction in this district.

## RELEVANT BACKGROUND FACTS

17. Plaintiff has provided wildlife management services in Kentucky and Southern Indiana using the trade name and service mark ANIMAL RIDDERS continuously since 1991.

18. Attached as **Exhibit 1** is a true and correct copy of Plaintiff's home page on its website www.animalridders.com.

19. Attached as **Exhibit 2** is a true and correct copy of Plaintiff's www.animalridders.com home page as captured on November 9, 2024 by the Wayback Machine of the Internet Archive.

20. In the past 34 years, Plaintiff has extensively promoted its ANIMAL RIDDERS name and mark in connection with its services and developed significant goodwill and public recognition in the trade name and service mark ANIMAL RIDDERS. This goodwill has been achieved at great time and expense.

21. Each year from 1991 through 2023, Ms. Darling, on behalf of Animal Ridders, Inc. filed the company's annual report with the SOS.

22. In or about August 2024, Ms. Darling completed the annual report form for Animal Ridders, Inc. and mailed a check for the required fee to the SOS.

23. The SOS did not receive Ms. Darling's check for the annual report filing fee. As a result, Animal Ridders, Inc. was administratively dissolved by the SOS on October 12, 2024 (the "Dissolution Date").

24. On or about November 26, 2024, Defendant Gast formed the Infringing Company.

25. After learning of the administrative dissolution, Ms. Darling completed the necessary forms and paid the necessary fees to have Plaintiff corporation reinstated. The reinstatement process was completed on March 14, 2025 ("Reinstatement Date").

26. Under Kentucky law, Plaintiff was reinstated as of the Reinstatement Date retroactively, as if the dissolution had not occurred.

27. Plaintiff continued to provide services under the service mark ANIMAL RIDDERS during the period of dissolution and continuing to the present.

28. Plaintiff was reinstated under the name "Animal Ridders of Louisville, Inc." because the name Animal Ridders, Inc. was not distinguishable upon the records of the SOS from the intervening entity formed by Defendant Mr. Gast as Defendant Animal Ridders, LLC.

29. Upon information and belief, Defendants began publicly marketing wildlife removal services as ANIMAL RIDDERS in or around mid-March 2025.

30. Defendants' wildlife removal services are in direct competition with Plaintiff. Defendant Mr. Gast has operated in this community providing wildlife control services for a number of years under the name Humane Wildlife Control Solutions and other assumed names.

31. Defendants are now marketing their services on a website using the domain www.animalriddersoflouisville.com ("Infringing Website"). *See* Home Page of Infringing Company's Website, attached as **Exhibit 3**.

32. Defendants are representing that Ms. Darling no longer owns "Animal Ridders" and/or that the Infringing Company and Animal Ridders are the same company.

33. Plaintiff's use of ANINAL RIDDERS in connection with animal control services predates Defendants' use of ANIMAL RIDDERS. Therefore, Plaintiff has priority of use of the name and mark ANIMAL RIDDERS.

34. On or about the Reinstatement Date, Defendants contacted Plaintiff, through Ms. Darling, by phone, followed by an email sent to Ms. Darling and to Plaintiff's marketing and website support company, RedTag, Inc. ("RedTag") claiming that Defendants owned the rights to "Animal Ridders" and that Plaintiff's continued use of the mark after November 26, 2024 constituted infringement of Defendants' rights in "Animal Ridders". *See* Gast email, attached as **Exhibit 4**.

35. In response to the cease and desist letter, Redtag temporarily disabled Plaintiff's website until further investigation indicated Plaintiff had prior rights and the website could be reinstated.

36. After Defendants commenced using "Animal Ridders", Plaintiff's Yelp page was changed without authorization to reflect a phone number that was not Plaintiff's. As a result, customers calling Plaintiff would mistakenly reach another party or believe that Plaintiff was no longer in business at its address or website.

37. Upon information and belief, Defendants or one of them, or persons acting on their behalf, are responsible for changing the Yelp listing.

38. After Defendants commenced using "Animal Ridders", Plaintiff's Google Maps listing was changed, without Plaintiff's authorization, to reflect Defendants' own business address and phone number. A true and correct copy of the Google Map listing under "Animal Ridders" with Defendants' contact information and website is attached as **Exhibit 5**. As a result, customers looking for Plaintiff would contact Defendants' instead.

39. RedTag has unsuccessfully made attempts through Google to restore Plaintiff information to the Google Maps listing. Redtag has been advised that the listing is unavailable to

Plaintiff due to the listing of the Infringing Company's information. *See* Affidavit of Greg Freibert and corresponding exhibits attached as **Exhibit 6**.

40. Starting in March, 2025, Plaintiff's website began receiving requests for animal control services from far away locations (e.g., Guam) where Plaintiff does not conduct business. *See* Affidavit of Kevin Stone and corresponding exhibits attached as **Exhibit 7.**

41. Upon information and belief, Defendants or one or them, or persons acting on behalf of Defendants, are sending false requests for services to harass and distract Plaintiff from its business operations.

42. Since Defendants began publicly marketing its services as ANIMAL RIDDERS, Plaintiff's service calls and income have dropped precipitously. Weekly calls for services are now approximately half of what they were prior the commencement of Defendants' actions set forth herein.

43. There is actual confusion in the marketplace between the services of Defendants and the services of Plaintiff, and/or whether Plaintiff and Defendants are affiliated or related.

44. The actual confusion in the marketplace is a result of Defendants' actions. As a result of the confusion, it is impossible to know how many clients have called the Infringing Company looking for, or believing that they were contacting, Plaintiff or Ms. Darling.

45. Instead of building his own goodwill and reputation, Defendants are attempting to steal Plaintiff's reputation and to force Plaintiff to stop using its long-standing name and mark.

46. Defendants' actions are causing Plaintiff irreparable harm and stripping away the goodwill that Plaintiff has worked for decades to build. Therefore, Plaintiff is entitled to preliminary and permanent injunctive relief, to require Defendants to cease their illegal actions.

47. Upon information and belief, at the time Defendants registered the name Animal Ridders, LLC, Defendants had knowledge of Plaintiff and of Plaintiff's longstanding and continued use of "ANIMAL RIDDERS."

48. Defendant Ms. Gast has been in the community since at least as early as 2015 when he was hired to work with Louisville Metro Animal Control. Thereafter, Mr. Gast began operating various entities in the field, including Humane Wildlife Control Services, LLC (formed as early as 2012 in Louisianna, then registered in Kentucky). This entity has registered over two dozen assumed names with the SOS, notably including names similar to the Louisville Metro Animal Services where he used to work such as "Louisville Animal Services," "Jefferson County Animal Control" Louisville Animal Control.

49. Attached as **Exhibit 8** is a true and correct copy of a website listing at https://kywcoa.com/kentucky-nwcos/ identifying Margie Darling at Animal Ridders, Inc. in Jefferson County Kentucky in the Directory of Wildlife Removal Professionals. The website also identifies the correct phone number for Plaintiff. Plaintiff is not, however, a member of this organization and did not ask to be listed.

50. The website shown in Exhibit 8 is operated under the assumed name Kentucky Wildlife Control Operators Association by the entity Kentucky Society for the Prevention of Cruelty to Animals, Inc. ("KSPCA") which was organized by Defendant Mr. Gast, who was an original Director for, and continues to be, a Director of this organization.

51. Plaintiff attempted to resolve this matter amicably by corresponding with Defendants regarding their authorized actions and the legal implications thereof. Defendants have refused to cease their infringing and harassing activities, instead insisting that Plaintiff is the infringing party. *See* Communications with Defendants, attached as **Exhibit 9**.

# LEGAL CLAIMS
## COUNT I
### Violation of the Trademark Act Section 43(a), 15 U.S.C. §125(a)

52. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 51 above.

53. Defendants have been using Plaintiff's name and mark ANIMAL RIDDERS in connection with providing directly competing wildlife management services.

54. Defendants have advertised wildlife management services under the name and mark "Animal Ridders" when in fact, they are not the owner of the trademark.

55. Defendants' use of ANIMAL RIDDERS is a false designation of origin and a false or misleading representation or description of fact.

56. Plaintiff's continuous use of the trademark ANIMAL RIDDERS in the market as well as the 34 years of goodwill makes Plaintiff the priority owner of the trademark.

57. Defendants' unauthorized use of ANIMAL RIDDERS is causing actual confusion among the public as to the source, sponsorship, or affiliation of Defendants' services.

58. Defendants' unauthorized use of ANIMAL RIDDERS is likely to cause confusion among the public as to the affiliation, connection, or association of Defendants' services with Plaintiff's services.

59. Defendants' actions described herein constitute trademark infringement in violation of the Lanham Act, Section 43(a), 15 U.S.C. §1125(a).

60. Defendants' actions were taken with full knowledge of Plaintiff's rights in ANIMAL RIDDERS and Plaintiff's continued use of ANIMAL RIDDERS.

61. This is an exceptional case under 15 U.S. Code § 1117 entitling Plaintiff to recover attorney's fees.

62. By reason of Defendants actions, Plaintiff faces immediate, substantial, and irreparable harm for which there is no adequate remedy at law.

63. The trademark infringement of Defendants has caused and continues to cause Plaintiff substantial and immediate irreparable injury, including the actual and potential loss of client relationships, market share, and goodwill.

64. Unless enjoined, Defendants will continue to infringe and cause further injury to Plaintiff.

65. Because Plaintiff has, and will continue to be, injured due to Defendants' conduct, including willful conduct, Plaintiff is entitled to injunctive relief and the recovery and compensatory damages, including damages up to three times the amount found as actual damages, and attorneys' fees.

## COUNT II
### KENTUCKY COMMON LAW TRADEMARK INFRINGEMENT

66. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 65 above.

67. Defendants have been using Plaintiff's name and mark ANIMAL RIDDERS in connection with providing directly competing wildlife management services.

68. Defendants have advertised wildlife management services under the name and mark "Animal Ridders" when in fact, they are not the owner of the trademark.

69. Plaintiff's continuous use of the trademark ANIMAL RIDDERS in the market as well as the 34 years of goodwill makes Plaintiff the priority owner of the trademark.

70. Defendants' unauthorized use of ANIMAL RIDDERS is causing actual confusion among the public as to the source of Defendants' services.

71. Defendants' unauthorized use of ANIMAL RIDDERS is likely to cause confusion among the public as to the source of Defendants' services.

72. Defendants' actions described herein constitute trademark infringement in violation of the common law of Kentucky.

73. Defendants' actions were taken with full knowledge of Plaintiff's rights in ANIMAL RIDDERS and Plaintiff's continued use of ANIMAL RIDDERS.

74. By reason of the Defendants actions, Plaintiff face immediate, substantial, and irreparable harm for which there is no adequate remedy at law.

75. The trademark infringement of Defendants has caused and constitutes to cause Plaintiff substantial and immediate irreparable injury, including the actual and potential loss of client relationships, market share, and goodwill.

76. Unless enjoined, Defendants will continue to infringe and cause further injury to Plaintiff.

77. Because Plaintiff has, and will continue to be, injured in because of Defendants' conduct, including willful conduct, Plaintiff is entitled to injunctive relief and the recovery and compensatory damages, punitive damages, special damages, and attorneys' fees.

## COUNT III
### KENTUCKY STATUTORY TRADEMARK INFRINGEMENT

78. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 77 above.

79. Plaintiff is the owner of Kentucky Trademark Registration Certificate No. 020344 for the mark ANIMAL RIDDERS for "wildlife removal from homes and businesses.

80. Defendants have been using Plaintiff's name and mark ANIMAL RIDDERS in connection with providing directly competing wildlife removal services.

81. Defendants have advertised wildlife removal services under the name and mark "Animal Ridders" when in fact, they are not the owner of the trademark.

82. Plaintiff's continuous use of the trademark ANIMAL RIDDERS in the market as well as the 34 years of goodwill makes Plaintiff the priority owner of the trademark.

83. Defendants' unauthorized use of ANIMAL RIDDERS is causing actual confusion among the public as to the source or origin of Defendants' services.

84. Defendants' unauthorized use of ANIMAL RIDDERS is likely to cause confusion among the public as to the source or origin of Defendants' services.

85. Defendants' actions described herein constitute trademark infringement in violation of KRS 365.601.

86. Defendants' actions were taken with full knowledge of Plaintiff's rights in ANIMAL RIDDERS and Plaintiff's continued use of ANIMAL RIDDERS.

87. By reason of the Defendants actions, Plaintiff face immediate, substantial, and irreparable harm for which there is no adequate remedy at law.

88. The trademark infringement of Defendants has caused and constitutes to cause Plaintiff substantial and immediate irreparable injury, including the actual and potential loss of client relationships, market share, and goodwill.

89. Unless enjoined, Defendants will continue to breach their legal obligations and cause further injury to Plaintiff.

90. Because Plaintiff has, and will continue to be, injured due to Defendants' conduct, including willful conduct, Plaintiff is entitled to injunctive relief and the recovery Defendants' profits, compensatory damages, punitive damages, special damages, and attorneys' fees pursuant to KRS 365.603.

## COUNT IV
### Tortious Interference with Contractual/Business Relationship/Expectancy

91. Plaintiff incorporate herein the allegations contained in numerical paragraphs 1 through 90 above.

92. Plaintiff has or had contracts and business relationships and valid expectancy of future contracts and business with customers who were incorrectly solicited by Defendants'

93. Defendants falsely represented themselves to existing and potential customers of Plaintiff.

94. Defendants were aware of Plaintiff's prospective business relationships with those customers, and purposefully deceived and diverted business away from Plaintiff.

95. Defendants intentionally and unjustifiably interfered with Plaintiff's business relationships and future expectancies.

96. Defendants' acts as set forth above, constitute a wrongful interference with Plaintiff's business relationships.

97. By virtue of this tortious activity, Plaintiff has suffered damages including but not limited to lost revenues in an amount to be determined at trial.

98. Defendants' actions were willful and malicious actions making Plaintiff entitled to recover punitive damages to punish Defendants and to deter others from engaging in similar willful misconduct.

## COUNT V
## Unfair Competition

99. Plaintiff incorporate herein the allegations contained in numerical paragraphs 1 through 98 above.

100. Defendants have attempted to pass themselves off as Plaintiff's well-established company of 34 years.

101. Defendants intentionally and unjustifiably interfered with Plaintiff's business relationships and future business expectancies.

102. Defendants' acts as set forth above constitute unfair competition.

103. By virtue of this tortious activity, Plaintiff has suffered damages including but not limited to lost revenues in an amount to be determined at trial.

104. By reason of Defendants' willful and malicious actions, Plaintiff is entitled to recover punitive damages to punish Defendants and to deter others from engaging in similar willful misconduct.

### COUNT VIII
### Injunctive Relief

105. Plaintiff incorporates by reference its previous allegations in Paragraphs 1 through 104 above.

106. Plaintiff lacks an adequate legal remedy available for Defendants' misconduct.

107. Plaintiff has a reasonable likelihood of success on the merits of its claim.

108. Defendants have violated the Trademark Act and the Lanham Act through their willful infringement of Plaintiff's trademark.

109. Defendants have refused to stop their wrongful actions and therefore, without injunctive relief, upon information and belief, Defendants will continue to divert Plaintiff's customers away from Animal Ridders.

110. The equities favor Plaintiff as the existence of a deceptive company that creates confusion within the market serves only to harm third party customers.

111. Forcing Defendants to comply with the law will not place an undue burden on them.

112. Plaintiff has no adequate remedy at law or otherwise to address this injury, save in a court of equity.

**WHEREFORE**, Plaintiff demands judgment from Defendants as follows:

A. Enter an injunction enjoining and restraining Defendants, and all those acting in concert with them, from using the trademark ANIMAL RIDDERS, whether as a trademark, service mark, trade or company name, domain name, user name, email address, social media handle, or any other public designation;

B. Enter an order requiring Defendants to turn over the domain name https://louisvilleanimalridders.com/ to Plaintiff.

C. Enter Judgment against Defendants for compensatory damages in an amount to be determined at trial;

D. Enter Judgment against Defendants for exemplary and punitive damages in an amount to be determined at trial, including up to three times the amount of actual damages under the Lanham Act;

E. Award Plaintiff its costs and expenses, including the reasonable attorneys' fees and costs Plaintiff incurred as a result of Defendants' actions;

F. Award Plaintiff any such relief as the Court may deem just and proper.

Respectfully submitted,

*s/ Amy B. Berge*
Amy B. Berge
M. Katherine Ison
**GRAY ICE HIGDON, PLLC**
3939 Shelbyville Road, Suite 201
Louisville, Kentucky 40207
(502) 677-4729
aberge@grayice.com
kison@grayice.com
***Counsel for Plaintiff***

## DECLARATION

I, Margaret Darling, declare under penalty of perjury that I am the Owner and CEO of Animal Ridders of Louisville, Inc., aka Animal Ridders, Inc., and that I have read the foregoing Verified Complaint, and that the statements set forth therein are true to the best of my information and belief. I additionally attest that all exhibits attached thereto are true and correct copies.

Margaret Darling