# EXHIBIT 9



www.grayice.com
3939 Shelbyville Road, Suite 201
Louisville, KY 40207

March 21, 2025

VIA COURIER AND EMAIL

Mr. Beau Gast
Animal Ridders LLC
6006 Crockett Dr.
Louisville, KY 40258

Email: beau@louisvilleanimalridders.com; beaugast@gmail.com

      **Re:** *Response to Cease & Desist Email Dated March 15, 2025*

Dear Mr. Gast:

      Our firm represents Animal Ridders of Louisville, Inc (formerly Animal Ridders, Inc.) who has been doing business as and providing services under the trade name and trade mark ANIMAL RIDDERS since the early 1990s. Our client is referred to herein as our "Client" and/or ANIMAL RIDDERS.

We are writing on behalf of our Client to address your unauthorized use of "Animal Ridders" and "Animal Ridders, LLC", and apparent attempt to pass off as my client using the name "Animal Ridders." To avoid confusion in this correspondence, we refer to the actions of you, Mr. Gast, and the entity "Animal Ridders LLC" as "You/Your" and/or the "Infringing LLC." Your correspondence and communication to our Client and to RedTag, LLC regarding the use of the trademark ANIMAL RIDDERS has been forwarded to us to respond on behalf of our Client. If you are represented by an attorney or will be represented by an attorney in this matter, please forward this correspondence to your counsel for response.

      At the outset, let me explain (in case you are not aware) that trademark and service mark rights are separate and distinct from the mere establishment of an entity with the Kentucky Secretary of State, or any Secretary of State for that matter. Registration of a business entity with a Secretary of State's office does not grant any tangible trademark rights in the name of the business. Moreover, trademark rights are territorial. Except to the extent that rights can be "reserved" territorially by filing an intent to use federal application that matures to registration, rights in the United States are acquired by the first to use a mark and establish a reputation in a particular geographic region. Accordingly, Your claim to rights in the company name, trade name, and trademark "Animal Ridders" is unfounded and is instead an infringement of our Client's rights.

      As you are aware, Animal Ridders, Inc. was incorporated with the Kentucky Secretary of State's Office on March 4, 1991 and has remained active and in good standing, except for a temporary administrative dissolution on October 12, 2024 for its inadvertent failure to file its annual report. Animal Ridders, Inc. was reinstated as Animal Ridders of Louisville, Inc. on March 14, 2025. Reinstating a business in Kentucky that was administratively dissolved restores the entity to good standing, effectively as if the dissolution never occurred.

Mr. Beau Gast
March 21, 2025
Page 2

On November 26, 2024, you took advantage of our Client's temporary legal standing to file Animal Ridders LLC with the Kentucky Secretary of State's Office with the apparent intention to deprive our Client of the right to use its entity name, trademark, and trade name ANIMAL RIDDERS. However, from its incorporation in 1991 to the present, our Client has continuously used the trademark and trade name ANIMAL RIDDERS in connection with pest and animal control services.

Our Client is the owner of the common law trademark rights in ANIMAL RIDDERS in connection with pest and animal control services it has provided in the Kentuckiana area for over 30 years. During this time, it has extensively promoted its ANIMAL RIDDERS name and marks in connection with its services, developing a quality reputation with the consuming public. This goodwill has been achieved at great time and expense to our Client.

The circumstances surrounding your incorporation of the Infringing LLC and your repeated attempts to thwart our Client's use of its own trademark make it clear that you have willfully infringed our client's trademark rights in order to trade on its good will and longstanding reputation. Moving forward, our Client will treat any continued threats and use of the ANIMAL RIDDERS mark as an intentional or willful infringement of its intellectual property rights and will continue to pursue all rights and remedies available in law and/or equity to protect its common law rights in and to the ANIMAL RIDDERS mark, including disgorgement of profits, and attorney's fees under Section 35 of the Lanham Act, 15 U.S.C. §1117.

Our client believes that your actions constitute trademark infringement under the Trademark Act Section 43(a), 15 U.S.C. §125(a) and the common law of Kentucky. The touchstone of trademark infringement is likelihood of confusion – whether a reasonable consumer is likely to mistakenly assume that your services and those of our client are from the same source or are related in some way through license, affiliation, or sponsorship. Although actual confusion is not required to establish infringement, our client is aware of, and we believe that you have been made aware of, the actual confusion taking place. In fact, it has come to our attention that you are actively representing to potential customers who have asked for the owner of our Client's company,. Margie Darling, that "she no longer owns the company."

Aside from the typical damage occasioned by confusion and loss of control over reputation in most infringement cases, Your actions are particularly problematic due to Your reputation in the community. Your pattern of business practices have been the topic of several local news articles. See Nick Picht, *Owner of private animal control company was fired from Metro, held expired wildlife permits*, Jun. 29, 2021, https://www.wave3.com/2021/06/30/owner-private-animal-control-company-was-fired-metro-held-expired-wildlife-permits/; See also Noelle Friel, *Customer says he was scammed by owner of private animal control company, paid hundreds for job that wasn't finished*, Jun. 6, 2024, https://www.wave3.com/2024/06/07/customer-says-he-was-scammed-by-owner-private-animal-control-company-paid-hundreds-job-that-wasnt-finished/. Your actions have misled consumers as to the source of the services and your blatant misuse of ANIMAL RIDDERS in order to trade on the goodwill and reputation of our client has resulted in actual confusion and irreparable harm to our client.

Additionally, our Client has become aware its phone number listed in its Yelp and MapQuest business pages has been changed without its authorization. Our Client has reason to believe that You did this. This would be a deliberate and malicious campaign to interfere with our Client's current and

Mr. Beau Gast
March 21, 2025
Page 3

prospective professional relationships. Our Client will not tolerate such interference with its relationships with former, current, and future clients.

      Accordingly, on behalf of ANIMAL RIDDERS, we formally demand that you and any related entities and individuals **(1)** discontinue use of ANIMAL RIDDERS whether as a trademark, service mark, trade or company name, domain name, user name, email address, social media handle, or any other public designation; **(2)** cease your interference with the customers, prospective customers, employees, officers, owners, and individuals associated with Animal Ridders of Louisville; **(3)** transfer the domain name https://louisvilleanimalridders.com/ to our client; and (4) change the name and/or withdraw the name Animal Ridders, LLC with the Kentucky Secretary of State to a name that does not use ANIMAL RIDDERS and does not preclude our Client from continuing to exist under its long standing name Animal Ridders, Inc..

      We further ask that you discontinue any further communication with our Client's web host RedTag LLC. Your correspondence to RedTag led to the taking down of our Client's website for no reason and constitutes another example of interference with our Client's contractual and business relationships as well as otherwise interfering with our Client's existing and future clients.

      We ask that you take these actions by no later than March 28, 2025, and provide written confirmation of the steps you have taken. If you have any questions or comments regarding this letter, please contact me by letter, phone, or email. If we do not hear from you or we are unable to reach an amicable resolution, our Client reserves the right to pursue all available remedies. Nothing in this letter is or should be construed as a waiver or relinquishment of any rights or remedies our Client may have. All of its rights, remedies, and defenses are expressly reserved.

      Sincerely,

      **GRAY ICE HIGDON, PLLC**

      */s/ Amy B. Berge*

      Amy B. Berge

cc: Animal Ridders of Louisville, Inc.

**Amy Berge**
___

| | |
|---|---|
| **From:** | Amy Berge |
| **Sent:** | Friday, April 25, 2025 9:47 AM |
| **To:** | Beau G |
| **Subject:** | ANIMAL RIDDERS Cease and Desist |

Mr. Gast,

Unfortunately, it appears that you are either operating under a serious misunderstanding of the law or you have elected to ignore the law in an attempt to intimidate my client. Either way, it is you who is violating the rights of my client, who has continuously operated under the trade name and provided services under the service mark ANIMAL RIDDERS for over 30 years.

First, I will address the fallacies in your response.

***The Secretary of State filing does not grant you rights to use ANIMAL RIDDERS to provide wildlife removal services to the public.***
The establishment of an entity with the Secretary of State, even if done lawfully, allows the entity to "exist". It does not confer any substantive rights to use the name in providing services to the public. Galt House, Inc. v. Home Supply Co., 483 S.W.2d 107 (Ky. 1972). K.R.S. 14A.3-010(18), provides that business entity filings ''shall not automatically prevent the use of that name or protect that name from use by other persons.'' Moreover, you were able to register the name solely because of the temporary administrative dissolution of Animal Ridders, Inc. However, upon reinstatement, the administratively dissolved entity is treated as if the dissolution never occurred. The case upon which you rely, Pannell v. Shannon, 425 S.W.3d 58 (Ky. 2014) stands precisely for this proposition. In the Pannell case, the court holds:

- Kentucky's Limited Liability Company Act provides for retroactive effect of the reinstatement of an administratively dissolved company; and
- Reinstatement is a statutory process, which does not involve discretion on the part of the Secretary of State; if the applicant meets the statutory requirements, then the Secretary *shall* cancel the dissolution and issue a certificate of existence.

***The reinstatement of ANIMAL RIDDERS INC. OF LOUISVILLE is lawful.***
It is true that upon reinstatement, our client had to adopt a name "distinguishable upon the record" from the name that you adopted in an intervening filing. But, the modified name, ANIMAL RIDDERS INC. OF LOUISVILLE, was accepted by the Secretary of State as sufficiently distinguishable. "If a document delivered to the office of the Secretary of State for filing satisfies the requirements of this chapter and applicable organic law, the Secretary of State shall file it. KRS 14A.2–100(1). This requirement places the responsibility of determining compliance with the statutes on the Secretary of State . . . . " PlumbRight Servs. & Rooter, Inc. v. Plumb Right Serv. Plumbing, Inc., No. 2016-CA-001742-MR, 2017 WL 4464321 (Ky. Ct. App. Oct. 6, 2017). Thus, our client exists as a corporation organized under the laws of Kentucky as ANIMAL RIDDERS OF LOUISVILLE, INC., with common law trademark rights in ANIMAL RIDDERS to identify its services.

***Our client enjoys trademark rights in ANIMAL RIDDERS established at common law through use in this geographical region.***

1

As set forth in my last letter to you, trademarks right are established at common law through use. The party who first uses a mark in commerce is said to have priority over other users. *Hana Fin., Inc. v. Hana Bank*, 574 U.S. 418, 135 S. Ct. 907, 190 L. Ed. 2d 800 (2015). Such rights are protected from infringement under Section 43(a) of the Federal Lanham Act and under Kentucky law. Our client's 30 plus years of continuous use of the mark establishes it as the senior user. Your adoption and use in November 2024 makes you the junior user.

***Trademark Infringement occurs when confusion is likely. Your use of ANIMAL RIDDERS is not only likely to cause confusion, it is causing actual confusion.***
The standard for establishing infringement of Kentucky common law rights and infringement under Section 43(a) of the Lanham Act is the same. *Winchester Federal Savings Bank v. Winchester Bank, Inc.*, 359 F.Supp.2d 561, 564 (E.D. Ky. 2004); *See also Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 780, 112 S.Ct. 2753, 120 L.Ed.2d 615 (1992) ("Whether we call the violation infringement, unfair competition or false designation of origin, the test is identical."). Specifically, to prove trademark infringement and/or unfair competition, a plaintiff must show that: "(1) [it] held the trademarks, (2) [it] did not consent to [the defendant's] use of those marks and (3) [the defendant's] use of the marks was likely to cause confusion among relevant consumers." *Eat BBQ LLC v. Walters*, 47 F.Supp.3d 521, 528 (E.D. Ky. 2014). Likely confusion for both registered and unregistered trademark is triggered by a use which "is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association" of the user with the senior user. Lanham Act, Section 43(a).

Our client has been notified by customers of actual confusion and your response contains an admission that there is actual confusion among customers, vendors, and the public. The confusion is being caused by your adoption and use of ANIMAL RIDDERS to provide services to the public that are directly competitive with my client's long-standing services under the name ANIMAL RIDDERS.

***You have engaged in additional activities interfering with my client's business and reputation.***
You acknowledge in your response that you have interacted with third parties to "correct confusion caused by" our client. While you do not specify what actions you have taken, the confusion is not caused by our client and actions you take that interfere with its lawful right to do business and provide serves as AMINAL RIDDERS are exacerbating the confusion. For example, it is our understanding that you, or someone on your behalf, has engaged in the following:
- Falsely advised at least one customer who mistakenly called your businesss asking for my client's principal, Margie Darling, only to have been told that Ms. Darling "no longer" owns the company
- Registered ANIMAL RIDDERS with Google Maps which has precluded our client from renewing its registration with Google Maps. Google Maps currently identifies your business location and contains a link to your website www.louisvilleanimalridders.com.

Our client has been experiencing other issues with her website and online presence. We are in the process of gathering information about the source of this activity. To the extent that you are behind these activities, they will be included in any claims asserted by Ms. Darling and her company.

The second purpose of this letter is to put you on notice that if you do not stop the infringing use of ANIMAL RIDDERS, passing yourself off as our client, and any other activities which are or are intended to interfere with my client's business, we plan to initiate legal action seeking injunctive relief. If we do not provide evidence by noon on Tuesday, April 29, 2025, that you have discontinued use of ANIMAL RIDDERS, including without limitation, taking down the website www.louisvilleanimalridders.com, surrendering the domain, and notifying Google to remove reference to your entity on Google Maps at

2

"Animal Ridders", we will assume that you do not intend to voluntarily comply and will proceed accordingly.

Amy



**Amy B. Berge**
**Chair Intellectual Property Group**
**Principal Partner**
Direct:  502.625.2887 Fax:  502.561.0442
3939 Shelbyville Road Suite 201, Louisville, KY 40207
aberge@grayice.com

NOTICE:  This electronic mail transmission is for the use of the named individual or entity to which it is directed and may contain information that is privileged or confidential.  It is not to be transmitted to or received by anyone other than the named addressee (or a person authorized to deliver it to the named addressee).  It is not to be copied or forwarded to any unauthorized persons.  If you have received this electronic mail transmission in error, delete it from your system without copying or forwarding it, and notify the sender of the error by replying via email or by calling Gray Ice Higdon PLLC at (502) 677-4729, so that our address record can be corrected.

**From:** Beau G <beaugast@gmail.com>
**Sent:** Friday, March 28, 2025 11:58 PM
**To:** Amy Berge <aberge@grayice.com>
**Subject:** Re: Response to Cease and Desist Letter Dated March 21, 2025 / Counter Cease and Desist Demand

**[CAUTION- EXTERNAL EMAIL]**: DO NOT reply, click links, or open attachments unless you have verified the sender and know the content is safe.

Dear Ms. Berge,

This e-mail responds to your March 21, 2025 correspondence on behalf of your client, Animal Ridders of Louisville, Inc. I categorically reject the claims presented and strongly dispute the legal and factual basis of your letter. In fact, your client is currently engaged in conduct that violates my rights under Kentucky law and is likely unlawful.

On October 12, 2024, your client was administratively dissolved by the Kentucky Secretary of State. On November 26, 2024 — during the dissolution period — I lawfully registered Animal Ridders, LLC. That name was publicly available and legally accepted by the Secretary of State, where it remains in good standing.

Per KRS § 14A.7-030(1)(c), an entity applying for reinstatement must confirm that its name complies with KRS § 14A.3-010, which requires that names be distinguishable from those of existing registered entities. "Animal Ridders of Louisville, Inc." is not sufficiently distinguishable from my company's name and should not have been approved.

While KRS § 14A.7-030(3) allows for retroactive reinstatement of administratively dissolved entities, that provision does not allow the reinstated entity to override rights obtained by a third party acting in good faith during the dissolution period. The Kentucky Supreme Court confirmed this in Pannell v. Shannon, 425 S.W.3d 58 (Ky. 2014), holding that reinstatement may not disrupt lawful third-party actions. I obtained my business name and registration in full compliance with Kentucky law.

3

Your client's accusations of trademark infringement and bad faith are entirely unfounded. I registered Animal Ridders, LLC through lawful means, without deception or intent to confuse. I have not claimed to be your client, used their branding, or misrepresented myself.

Under settled precedent — United Drug Co. v. Theodore Rectanus Co., 248 U.S. 90 (1918) — trademark rights are territorial and depend on actual use, not historical or lapsed claims. Since your client legally abandoned the name during dissolution, those rights were forfeited. Additionally, Natural Footwear Ltd. v. Hart, Schaffner & Marx, 760 F.2d 1383 (3d Cir. 1985) affirms that good-faith geographic use and priority confer enforceable rights — which I have.

Your client's reinstatement and renaming to Animal Ridders of Louisville, Inc. was an improper workaround that violated Kentucky law. Kentucky law does not permit an administratively dissolved entity to return using a name that causes confusion or appears indistinguishable from a lawfully registered entity.

Despite the addition of "of Louisville," the name remains substantially similar and is creating confusion among customers, vendors, and the public. The Secretary of State's approval of the name was likely in error and is subject to judicial correction under the Kentucky Declaratory Judgment Act.

Your letter references past unrelated media coverage and makes numerous unsubstantiated claims of bad faith, defamation, and interference. If there is specific evidence of actionable harm, I request that you provide it. Otherwise, these allegations are without merit and may themselves be defamatory.

Your client's claims that I have interfered with domain names, Google listings, or vendor relationships are entirely false. Any interaction with third parties has been lawful and necessary to correct confusion caused by your client's improper reinstatement and name use.

Given the circumstances, this letter serves as a formal cease and desist demand directed at your client, Animal Ridders of Louisville, Inc.:

You are hereby instructed to:

- Cease use of the name "Animal Ridders" or any confusingly similar variation in commerce;
- Cease making or publishing any misleading or defamatory statements about me or my business;
- Cease contacting vendors, customers, domain registrars, or platforms in an attempt to disrupt my business operations;
- Surrender the infringing domain name AnimalRidders.com to me immediately.
- Take immediate steps to change your entity name to one that is clearly and legally distinguishable under KRS § 14A.3-010.

If these demands are not met, I will have no choice but to file a declaratory judgment action in Franklin Circuit Court, and will pursue all available legal remedies, including injunctive relief, costs, and attorney's fees.

Accordingly, I respectfully and formally decline to:

- Cease use of the name "Animal Ridders";

- Transfer or surrender my domain name;
- Change the name of my business;
- Accept your client's version of events, including the legally unfounded claim of infringement.

I reserve all legal rights and remedies available to me under state and federal law, and I will vigorously defend my rights to continue operating under the name Animal Ridders, LLC.

That said, I remain open to a peaceful and lawful resolution of this matter. If your client is prepared to adopt a name that does not conflict with my legal rights and agrees to cease further interference, I would be willing to consider a mutual disengagement.

Otherwise, I am fully prepared to assert my rights through the appropriate legal channels.

Sincerely,
Beau Gast
Owner, Animal Ridders, LLC
beau@louisvilleanimalridders.com

On Fri, Mar 21, 2025 at 2:57 PM Amy Berge <aberge@grayice.com> wrote:

> Please see the attached correspondence.
>
> 
>
> **Amy B. Berge**
>
> **Chair Intellectual Property Group**
>
> **Principal Partner**
>
> *Direct:  502.625.2887 Fax:  502.561.0442*
>
> *3939 Shelbyville Road Suite 201, Louisville, KY 40207*
>
> *aberge@grayice.com*
>
> NOTICE:  This electronic mail transmission is for the use of the named individual or entity to which it is directed and may contain information that is privileged or confidential.  It is not to be transmitted to or received by anyone other than the named addressee (or a person authorized to deliver it to the named addressee).  It is not to be copied or forwarded to any unauthorized persons.  If you have received this electronic mail transmission in error, delete it from your system without copying or forwarding it, and notify the sender of the error by replying via email or by calling Gray Ice Higdon PLLC at (502) 677-4729, so that our address record can be corrected.

registered entity.

Despite the addition of "of Louisville," the name remains substantially similar and is creating confusion among customers, vendors, and the public. The Secretary of State's approval of the name was likely in error and is subject to judicial correction under the Kentucky Declaratory Judgment Act.

Your letter references past unrelated media coverage and makes numerous unsubstantiated claims of bad faith, defamation, and interference. If there is specific evidence of actionable harm, I request that you provide it. Otherwise, these allegations are without merit and may themselves be defamatory.

Your client's claims that I have interfered with domain names, Google listings, or vendor relationships are entirely false. Any interaction with third parties has been lawful and necessary to correct confusion caused by your client's improper reinstatement and name use.

Given the circumstances, this letter serves as a formal cease and desist demand directed at your client, Animal Ridders of Louisville, Inc.:

You are hereby instructed to:

- Cease use of the name "Animal Ridders" or any confusingly similar variation in commerce;
- Cease making or publishing any misleading or defamatory statements about me or my business;
- Cease contacting vendors, customers, domain registrars, or platforms in an attempt to disrupt my business operations;
- Surrender the infringing domain name AnimalRidders.com to me immediately.
- Take immediate steps to change your entity name to one that is clearly and legally distinguishable under KRS § 14A.3-010.

If these demands are not met, I will have no choice but to file a declaratory judgment action in Franklin Circuit Court, and will pursue all available legal remedies, including injunctive relief, costs, and attorney's fees.

Accordingly, I respectfully and formally decline to:

- Cease use of the name "Animal Ridders";
- Transfer or surrender my domain name;
- Change the name of my business;
- Accept your client's version of events, including the legally unfounded claim of infringement.

I reserve all legal rights and remedies available to me under state and federal law, and I will vigorously defend my rights to continue operating under the name Animal Ridders, LLC.

That said, I remain open to a peaceful and lawful resolution of this matter. If your client is prepared to adopt a name that does not conflict with my legal rights and agrees to cease further interference, I would be willing to consider a mutual disengagement.

Otherwise, I am fully prepared to assert my rights through the appropriate legal channels.

Sincerely,

Beau Gast
Owner, Animal Ridders, LLC
beau@louisvilleanimalridders.com

On Fri, Mar 21, 2025 at 2:57 PM Amy Berge <aberge@grayice.com> wrote:

> Please see the attached correspondence.
>
> 
>
> **Amy B. Berge**
>
> **Chair Intellectual Property Group**
>
> **Principal Partner**
>
> *Direct:  502.625.2887 Fax:  502.561.0442*
>
> *3939 Shelbyville Road Suite 201, Louisville, KY 40207*
>
> aberge@grayice.com
>
> NOTICE:  This electronic mail transmission is for the use of the named individual or entity to which it is directed and may contain information that is privileged or confidential.  It is not to be transmitted to or received by anyone other than the named addressee (or a person authorized to deliver it to the named addressee).  It is not to be copied or forwarded to any unauthorized persons.  If you have received this electronic mail transmission in error, delete it from your system without copying or forwarding it, and notify the sender of the error by replying via email or by calling Gray Ice Higdon PLLC at (502) 677-4729, so that our address record can be corrected.