**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
*Electronically Filed*

| | | |
|---|---|---|
| ANIMAL RIDDERS OF LOUISVILLE, INC. | ) | |
| aka ANIMAL RIDDERS, INC. | ) | |
| | ) | |
| **Plaintiff** | ) | Civil Action No.: 3:25-cv-342-DJH |
| | ) | Judge David J. Hale |
| vs. | ) | |
| | ) | |
| BEAU GAST | ) | |
| | ) | |
| -and- | ) | |
| | ) | |
| ANIMAL RIDDERS, LLC | ) | |
| | ) | |
| **Defendants** | ) | |

**PLAINTIFF'S MOTION FOR CONTEMPT AGAINST DEFENDANTS**

Plaintiff Animal Ridders of Louisville, Inc., a/k/a Animal Ridders, Inc. ("Plaintiff"), by counsel, respectively requests that Defendants Beau Gast ("Mr. Gast") and Animal Ridders, LLC (collectively "Defendants") be found in contempt for failing to comply with this Court's July 11, 2025 Preliminary Injunction Order.

## I.    RELEVANT FACTUAL AND PROCEDRUAL BACKGROUND

On July 11, 2025, this Court enjoined Defendants from "[u]sing Animal Ridders whether as a trademark, service mark, trade or company name, business name, domain name, username, email address, social media handle, or any other public designation; and [i]nterfering with Plaintiff's customers and potential customers through deceptive marketing and use of Animal Ridders." *See* Preliminary Injunction and Order, DN 18, PageID. 233.[1] The Order additionally required Defendants to "shut down the website https://louisvilleanimalridders.com/ and renounce

---

[1] The Court issued the Preliminary Injunction and Order after conducting a hearing on July 9, 2025. At the beginning of that hearing, the Court delayed beginning the hearing to allow time for Defendants to appear. After the delay, the Court concluded that Defendants had received actual notice of Plaintiff's intent to seek an injunction and of the hearing date. The Court proceeded to hear testimony and argument.

the domain name within three (3) business days of the entry of this Preliminary Injunction and Order." *Id*. The Court instructed Defendants to comply with its Preliminary Injunction and Order within three business days.  The Court also instructed Plaintiff to post security, which Plaintiff did in compliance with the Court's Order. DN 19.

The Court's Preliminary Injunction and Order directed the clerk to send a copy of the Order to Defendants at the email address known to be a valid address for Defendants. Plaintiff also provided Defendants notice that Plaintiff complied with posting the security for the preliminary injunction and instructed Defendants to comply with the Order. *See* **Exhibit A**, Email to Defendants.

Despite the Court's Order and Plaintiff's request that Defendants comply with it, Defendants continue to use Plaintiff's name and mark "Animal Ridders" in violation of the Order and Plaintiff's rights.  *See e.g.,* Declaration of Katherine Ison, **Exhibit B**. As a result, Plaintiff files the present Motion to hold Defendants in contempt of the Court's Preliminary Injunction and Order.

## II.    CONTEMPT STANDARD

A moving party must show by clear and convincing evidence that the party to be held in contempt violated a court order. *Odom v. Edmonds*, 2022 WL 16951506 at * 2, (W.D. Ky. Nov. 15, 2022). Once violation is proven, the Court possesses an inherent power to punish for contempt. *Id*. at *2.  "Broadly, the purpose of civil contempt is to coerce an individual to perform an act or to compensate an injured complainant….Whereas, the purpose of criminal contempt is punitive— 'to vindicate the authority of the court.'" *U.S. v. Bayshore Assocs., Inc.*, 934 F.2d 1391, 1400 (6th Cir. 1991). (citations omitted). The same conduct, however, may be subject to both criminal and civil contempt sanctions. *Id*.

Several sanctions are available to a court imposing civil contempt sanctions.  This includes monetary penalties and incarceration, so long as the length of confinement is conditioned on the

2

defendant committing an affirmative act to cure the contempt. *Id.* Stated another way, "[t]he critical feature that determines whether the remedy is civil or criminal in nature is not when or whether the contemnor is physically required to set foot in a jail but whether the contemnor can avoid the sentence imposed on him, or purge himself of it, by complying with the terms of the original order." *Hicks v. Feiock*, 485 U.S. 624, 635 n. 7.

### III.    DEFENDANTS' VIOLATION OF THE COURT'S ORDER

As of the date of this filing, Defendants have failed to comply with this Court's Order. The Order required Mr. Gast to take down his website, and cease using the name ANIMAL RIDDERS completely by July 15, 2025. However, the infringing website is still active, as shown below.



This screengrab shows Defendant's website as of July 23, 2025, at 8:29 PM. **Exhibit B**, Declaration of M. Katherine Ison, ¶ 4. Similarly, both Google and Yelp still show Defendants' contact information for "Animal Ridders". The address and phone number listed for Animal Ridders is that of Defendants business (prior to March of this year, these listings contained the information for Plaintiff). See below:

3



These screengrabs accurately show the Google and Yelp listings as of July 24, 2025. *Id.* at ¶¶ 5-6. Additionally, Mr. Gast has not withdrawn the Animal Ridders name with the SOS, and is still publicly holding himself out as validly holding these names. *See* SOS listing, attached as **Exhibit C.**

Mr. Gast has had sufficient notice of the proceedings in this case as well as the Court's Order. In addition to the Court providing Mr. Gast notice of the Order, undersigned counsel also provided Mr. Gast with a courtesy copy and an email summary of the contents of the Order on July 17, 2025. *See* **Exhibit D**.

As a result, Plaintiff requests the Court hold Defendants in contempt of Court for violation of the Preliminary Injunction and Order.  Plaintiff requests the Court require Defendants to:

1) Shut down the website https://louisvilleanimalridders.com/ and denounce any rights to the domain.

2) Discontinue all use of ANIMAL RIDDERS (whether used with or without additional words such as "Louisville" or "Of Louisville") to identify the entity Animal Ridders, LLC or any other entity owned, operated or otherwise under the control of Beau Gast or Animal Ridders, LLC.  This includes use in print, answering the phone, and otherwise communicating about such entities.

3) Change the name of Animal Ridders, LLC to a name that does not include ANIMAL RIDDERS with or without other words

4) Discontinue all use of ANIMAL RIDDERS (whether used with or without additional words such as "Louisville" or "Of Louisville") to identify the goods and services offered by Animal Ridders, LLC, Beau Gast, or any other entity owned, operated or otherwise under the control of Beau Gast or Animal Ridders, LLC.  This includes use in print, answering the phone, and otherwise communicating about such goods or services.

5) Stop any advertising or sponsorships using ANIMAL RIDDERS

6) Notify Google, Yelp, and any other applicable directories that the listing for "Animal Ridders" should revert to the contact information for Ms. Darling's company.

Plaintiff requests the Court require Defendant Gast to comply with this Order or present to the Courthouse to be taken into custody until he purges himself of the contempt by completing these

tasks at a date and time set by the Court. Additionally, Plaintiff requests the Court award Plaintiff all attorneys' fees associated with the filing of this Motion. Plaintiff will file proof of the fees for the Court's consideration and award should the Court grant the request for fees. A proposed order is filed herewith.

Respectfully submitted,

 s/ Amy B. Berge
Amy B. Berge
Jennifer M. Barbour
M. Katherine Ison
**GRAY ICE HIGDON, PLLC**
3939 Shelbyville Road, Suite 201
Louisville, Kentucky 40207
(502) 677-4729
aberge@grayice.com
jbarbour@grayice.com
kison@grayice.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on this  _28ᵗʰ_  day of July, 2025, e-filed the foregoing in accordance with the rules of Electronic Court Filing (ECF) in effect for the Western District of Kentucky, Louisville Division and a copy of same is being served to the Defendants at the address below:

Beau Gast
6006 Crockett Dr.
Louisville, KY  40258
beaugast@gmail.com
beau@louisvilleanimalridders.com
*Defendant/Agent of Defendant Animal Ridders, LLC*

 s/ Amy B. Berge
*Counsel for Plaintiff*

6